```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

KEVIN DEWAYNE LEE,              §
(TDCJ #791487)                  §
VS.                             §   CIVIL ACTION NO.4:05-CV-016-Y
                                §
                                §
PARKER COUNTY                   §
SHERIFF'S DEPARTMENT, et al.    §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(b)(1),
        and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)
            (With special instructions to the clerk of Court)

Plaintiff Kevin Dewayne Lee, a prisoner presently housed at the Texas Department of Criminal Justice (TDCJ)--Lynaugh Unit, was permitted by the magistrate judge to proceed herein pursuant to 28 U.S.C. § 1915, with the filing fee to be collected as required by the Prison Litigation Reform Act (PLRA). Lee initiated this action with the filing, on January 11, 2005, of a handwritten complaint. At the direction of the magistrate judge, Lee completed and filed, on February 2, 2005, a form civil-rights complaint, which the clerk of Court is directed to designate on the docket as a "supplemental complaint." On April 25, 2005, Lee filed an "Affidavit," which the Court will construe as a "second supplemental complaint," and the clerk of Court is directed to so designate this pleading on the docket. In these pleadings seeking relief under 42 U.S.C. § 1983, Lee names as defendants the Parker County Sheriff's Department; Jay Brown, sheriff, Parker County, Texas, in his official capacity; Amy Adams, district attorney, Parker County, Texas, in her official capacity; and Parker County sheriff's deputies David Vela and Tim

Oglesby, in both their individual and official capacities. (Compl. Style; Supp. Compl. ¶ IV(B).) In his pleadings, Lee alleges that Parker County sheriff's deputies attacked him on two separate occasions between June 12, 1996, and June 13, 1996: the first outside a police vehicle after or during his June 12 arrest on a sexual-assault charge but before transport to jail; and the second upon his turning himself in on June 13 after escaping from a hospital emergency room while in the deputies' custody. (Compl. at 2-4.) Lee also alleges that he again escaped on October 12 "after being intentionally placed [in a recreation yard] so I would escape." (Compl. at 4.) Lee alleges that the defendants were involved in a conspiracy to allow him to escape on October 12 as a "part of a plan to oust Sheriff Ben Whiteman and to benefit them." (Compl. at 5.) Lee's second supplemental complaint consists of a rambling narrative about alleged multiple conspiracies against him, and Lee's fear that Parker County officials connected to his arrest, investigation, and conviction, attempted to murder him in October 1996 and are now trying to have either him or his family members murdered. (Sec. Supp. Compl. at 1-3.) Lee seeks several forms of relief, including monetary damages and a declaratory judgment. (Compl. at 6; Supp. Compl. at § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] A complaint may also be deemed frivolous where it lacks an arguable basis in fact.[6] To be factually frivolous, the pleaded facts must be clearly baseless, which encompasses

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2005).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2005).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] *See Denton v. Hernandez,* 504 U.S. 25, 32-34 (1992); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).

3

factual allegations that are fanciful, fantastic and delusional.[7] A finding of factual frivolousness is appropriate only in those limited cases where the allegations rise to the level of the wholly irrational or incredible.[8] After review and consideration of Lee's claims in this suit, the Court finds that they must be dismissed under the authority of 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

The Court first notes that the bulk of Plaintiff's claims are barred by the applicable statute of limitations. The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit.[9] In Texas, the applicable limitations period is two years.[10] A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[11]

---

[7]*See Denton,* 504 U.S. at 32; *Hicks*, 69 F.3d at 25.

[8]*See Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993).

[9] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985)(state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983).

[10]*See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon 2002) (Texas's two-year, personal-injury limitations statute).

[11]*See Harris v. Hegman,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore,* 30 F.3d at 620, *citing Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993).

4

Accrual of a claim under § 1983 is determined by federal law,[12] under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action.[13] Lee complains of events in June 1996 and October of 1996. Lee contends, however, that because of the assistance of a TDCJ-unit psychologist and a "new medication," he only began remembering certain details in September 2003. The Court doubts that a "refreshed memory" affects claim accrual. Furthermore, Lee's assertion of lack of knowledge is belied by the fact that he previously filed a suit in this Court against the same defendants based upon some of the same alleged events,[14] and he actively challenged the escape convictions arising from the June and October 1996 events, through applications for habeas-corpus relief in both state court and in this Court.[15] The Court finds no basis to believe that Lee did not know or have reason to know of the injuries giving rise to his claims at the time of the 1996 events. Since Lee did not file this suit until January 2005, his claims asserted under 42

---

[12] *See Harris,* 198 F.3d at 157; *see also Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

[13] *See Harris,* 198 F.3d at 157, *citing Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) and Burrell, 883 F.2d at 418.

[14] *Lee v. Parker County Sheriff's Department,* No.4:97-CV-446-Y (N.D.Tex. July 28, 2000 Order and Judgment). The Court takes judicial notice of its own records in this prior case, discussed further *infra.*

[15] *See Lee v. Cockrell,* 4:99-CV-354-Y (N.D.Tex. October 4, 2001 Order and Judgment adopting August 20, 2001, Findings, Conclusions, and Recommendation of the United States magistrate judge). Lee pleaded guilty to the charge of felony escape arising from the October 12, 1996, event (cause number 12371), and pleaded guilty to a second charge of felony escape for the June 12, 1996, event (cause number 12372). *Id.* (August 20, 2001 FCR at 2-4--procedural history). The Court takes judicial notice of its own records in this prior case.

U.S.C. § 1983 are too late: the applicable two-year statute of limitations already had expired several years prior to the time Lee filed suit. Accordingly, the complaint must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and (ii).

The Court notes an alternative basis for dismissal of Lee's claims arising from the June 12 and 13 events against the bulk of the defendants is that they are barred by the doctrine of res judicata. Lee previously raised other claims identical to some of those asserted in this action in a prior case in this Court: *Lee v. Parker County Sheriff's Department, et al.*, 4:97-CV-446-Y. There, this Court, after appointing counsel for Lee, approved the stipulated dismissal with prejudice of all of Lee's claims against the following defendants: Parker County Sheriff's Department; Jay Brown, Parker County sheriff, in his official capacity; and Parker County sheriff's deputies David Vela and Time Oglesby, in both their individual and official capacities.[16]

Res judicata, or claim preclusion, insures the finality of judgments, conserves judicial resources and protects litigants from multiple lawsuits.[17] Four factors must be present for res judicata to apply: (1) the parties in the later action must be identical or in privity with the parties in the prior action; (2) the judgment

---

[16] The active pleading in *Lee v. Parker County Sheriff's Department, et al.* No.4:97-CV-446-Y, was Lee's January 8, 1998, Second Amended Complaint (docket no. 15). The case was terminated by the July 26, 2000, Stipulation of Dismissal (docket no. 82), approved by an order and judgment of July 28, 2000 (docket nos. 83 and 84).

[17] *United States v. Shanbaum,* 10 F.3d 305, 310 (5th Cir. 1994).

must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both disputes.[18] If these factors are present, res judicata prohibits either party from raising claims or defenses in the later action that were or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action.[19]

In Lee's prior action against the same defendants he names here, he alleged the same-excessive force claims arising from some of the same events that occurred on June 13, 1996, within the Parker County jail. In determining, for res judicata purposes, whether two suits involve the same claim, the Fifth Circuit relies on the transactional test, which looks to "whether plaintiff bases the two actions on the same nucleus of operative facts."[20] As plaintiff Lee raised his present claims arising from the June 13 assault at the Parker County jail in this prior action, such claims are barred by the doctrine of res judicata. Furthermore, any claims Lee purports to now assert arising from that same nucleus of operative facts are also barred by the doctrine of res judicata. Consequently, all of Lee's claims arising from the alleged initial excessive-force event

---

[18]*Id., citing Eubanks v. Federal Deposit Ins.Corp.,* 977 F.2d 166, 169 (5th Cir. 1992).

[19]*Id., citing Matter of Howe,* 913 F.2d 1138, 1144 (5th Cir. 1990) (emphasis in original).

[20]*Matter of Howe,* 913 F.2d at 1144.

on June 12, 1996, are also barred by res judicata.[21]

To the extent Lee's second supplemental complaint includes allegations that are not otherwise time-barred, and/or barred by the doctrine or res judicata, the Court concludes that any remaining claims must be dismissed as factually frivolous. In the pleading construed as a second supplemental complaint, Lee contends, as examples, that: "someone is attempting to poison my Mother;" "the same individuals had something to do with my Grandmother's recent death;" [jail officials] "meant to kill me and say it was justified by the escape but I got away by stepping into some water;" an attorney sought to represent him just to sabotage his case; that such attorney was "watching him at a payphone off of Fitzhugh Road [but also] "describing him over the airway to someone else;" officials including another Parker County sergeant "meant to murder me but I hid in a dark alley and they lost me;" and they "didn't finish the job because I was then in custody and because I wasn't remembering things." (Sec. Supp. Compl. at 1-2.) Lee's repeated focus on the irrational belief that someone is out to harm him or his relatives is wholly delusional and fantastic. Thus, the Court concludes that all of the recitations made the basis of Lee's second supplemental complaint must be dismissed as factually frivolous under the authority of 28 U.S.C. § 1915A(b)(1) and pursuant to 28

---

[21]*See generally Mowbray v. Cameron County, Texas,* 274 F.3d 269, 281 (5th Cir. 2001)(noting that although res judicata is an affirmative defense that may not be raised *sua sponte*, an exception applies where both suits are brought before the same court), *cert. den'd,* 535 U.S. 1055 (2002).

U.S.C. § 1915(e)(2)(B)(i).

It is therefore ORDERED that, for the alternative reasons set forth above, all plaintiff Kevin Dewayne Lee's claims be, and they are hereby, DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED June 27, 2005.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE